UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMETRA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA LYNN HICKEY,<br><br>Defendant. | No. 2:24-cv-3235-WBS-CKD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Symetra Life Insurance Company moves the court for default judgment against defendant Bill Harman, who has not opposed the motion. For the reasons set forth below, the undersigned recommends the motion for default judgment be granted. The hearing on the motion set for April 23, 2025, is vacated. See E.D. Cal. L.R. 230(g).

**I. BACKGROUND**

On November 20, 2024, plaintiff filed a complaint in interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332(a) regarding Annuity Contract No. V000151034 issued to the Perry Family Trust dated March 9, 1996 ("Annuity"). (ECF No. 1, ¶ 9.) Under the complaint's allegations, the Annuity became due and payable on the death of the Lionel R. Perry, who died on June 4, 2024. (Id., ¶¶ 9-15.) As of that date, the Annuity had a death benefit of $126,022.05. (Id., ¶ 16.)

1

Defendant Hickey made a claim for the death benefit. (ECF No. 1., ¶ 17.) Plaintiff also received a letter stating that Perry and/or the Trustee had changed the beneficiary designations for the Annuity in or about 2024, and prior to Perry's death, to designate Lolita Vargas[1] as beneficiary to 65% of the death benefit and defendant Harman as beneficiary to 35% of the death benefit. (Id., ¶ 18.) On plaintiff's information and belief, defendant Harman contends he is entitled to 35% of the death benefit based on the beneficiary change allegedly made in 2024. (Id., ¶ 21.)

On December 30, 2024, a waiver of service of summons was filed as to defendant Harman. (ECF No. 8.) Pursuant to plaintiff's request, the Clerk entered a default against defendant Harman on February 24, 2025. (ECF No. 22, 23.)

Plaintiff filed the present motion for default judgment against defendant Bill Harman on February 27, 2025, along with a proof of service reflecting service by mail to defendant Harman on the same day. (See ECF No. 25-3.) Plaintiff requests a default judgment against defendant Harman (1) enjoining and restraining him from instituting or prosecuting any action against Symetra, in any state or United States court, related to the recovery of the death benefit payable under Annuity Contract No. V000151034 issued to the Perry Family Trust dated March 9, 1996; (2) determining and declaring that defendant Harman has no right to all or any portion of the death benefit under the Annuity; and (3) discharging plaintiff from any and all liability to defendant Harman under Annuity Contract No. V000151034 issued to the Perry Family Trust dated March 9, 1996, with respect to the death of Lionel R. Perry. (ECF No. 25 at 2.)

**II. LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

---

[1] Lolita Vargas was originally named as a defendant and was voluntarily dismissed on January 7, 2025. (ECF Nos. 11, 12.)

2

Once default is entered, as a general rule, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the emotion for default judgment. See TeleVideo Sys., Inc., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

**III. DISCUSSION**

**A. Service and Failure to Respond**

Federal Rule of Civil Procedure 4(d) provides in relevant part that "[a]n individual ... subject to service under Rule 4(e) ... has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d). Such a notice and request for waiver must meet certain requirements: it must provide a copy of the complaint and a waiver form; it must inform the defendant of the consequences of waiving and not waiving service; and it must give the defendant at least 30 days to return the waiver. See Fed. R. Civ. P. 4(d)(1). As indicated above, plaintiff obtained a waiver from defendant Harman and filed a copy of the waiver. (ECF No. 8.) It appears plaintiff complied with Rule 4(d), and accordingly, the

3

summons and complaint are effectively deemed to have been "served at the time of filing the waiver." Fed. R. Civ. P. 4(d)(4).

If the defendant timely returns the waiver, then defendant "need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). As the waiver was sent on November 22, 2024, the time for responding to the complaint has expired.

### B. Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. Such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff filed suit on November 20, 2024, and defendant Harman has failed to respond to plaintiff's interpleader complaint despite waiving service of the summons. The present litigation cannot move forward, prejudicing plaintiff by leaving no recourse other than to seek a default judgment. Accordingly, the first factor weighs in favor of entering default judgment.

#### 2. Merits of the Substantive Claim and the Sufficiency of the Complaint

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together due to the relatedness of the inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

"In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." Cripps, 980 F.2d at 1265. Here, the complaint alleges plaintiff issued an Annuity which has became due and payable, but that there have been competing adverse claims and communications regarding the death benefit. This fulfills the requirements for interpleader under Rule 22 of the Federal Rules of Civil Procedure. See Lee v. West Coast Life Ins. Co., 688 F.3d 1004, 1009 (9th Cir. 2012) (explaining that "the requirements for [either] rule or statutory interpleader action have been met [where] there is a single fund at issue and ... there are adverse claimants to that fund") (internal citations omitted). Accepting the complaint's

4

allegations as true, plaintiff has established entitlement to the relief sought against defendants. Accordingly, the second and third Eitel factors weigh in favor of granting the motion for default judgment.

### 3. The Sum of Money at Stake

Under the fourth factor cited in Eitel, the court typically considers "the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct"). This factor is neutral in an interpleader action. See Standard Ins. Co. v. Asuncion, 43 F. Supp. 3d 1154, 1157 (W.D. Wash. 2014).

### 4. The Possibility of a Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord PepsiCo, Inc., 238 F. Supp. 2d at 1177. There is no indication that there are material facts in dispute, and this factor weighs in favor of granting the motion.

### 5. Whether the Default Was Due to Excusable Neglect

The record contains no indication that defendant's default was due to excusable neglect. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Despite having returned a waiver of service of summons, and despite having been served with a notice of the Clerk's entry of

1  default and a copy of the motion for default judgment (see ECF No. 25-1 at 2 & 25-3), defendant
2  has failed to respond or otherwise appear in this action. This factor favors a default judgment.

### 6. Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Accordingly, although the court is cognizant of the policy in favor of decisions on the merits, that policy does not, by itself, preclude the entry of default judgment.

### 7. Recommendation

Taken together, the Eitel factors support granting the request for default judgment. It is therefore recommended that a default judgment be entered.

### B. Injunctive Relief

"Generally, an interpleader action brought pursuant to Rule 22 does not authorize courts to enjoin litigants from future claims in state or federal court with regard to the res at issue." Am. Gen. Life Ins. Co. v. Maurer, No. 17-00187-BRO, 2017 WL 7803793, at *10 (C.D. Cal. July 14, 2017). However, district courts invoke the All Writs Act, 28 U.S.C. § 1651, to enjoin defendants in an interpleader action from bringing future proceedings regarding the same claim. See Trs. of ILWU-PMA Pension Plan v. Coates, No. C-11-3998 EMC, 2013 WL 556800, at *7 (N.D. Cal. Feb. 12, 2013).

Further, the Anti–Injunction Act, 28 U.S.C. § 2283, which limits the ability of federal courts to enjoin state court proceedings, contains an exception known as the "relitigation exception" for injunctions that are "necessary in aid of [the court's] jurisdiction, or to protect or effectuate its judgment." See 28 U.S.C. § 2283; Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988). "A federal court presiding over an interpleader action may stay pending state court proceedings involving the same interpled fund under the 'necessary in aid of its jurisdiction'

1    exception to the Anti–Injunction Act." Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700, 707 (7th
2    Cir. 1991).
3         A party seeking an injunction against relitigation must prove that it would otherwise suffer
4    irreparable harm. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506 (1959). This standard is
5    usually met "where there is a likelihood of costly and judicially wasteful relitigation of claims and
6    issues that were already adjudicated in federal court." Trs. of IL WU-PMA Pension Plan v.
7    Peters, 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009) ("Peters").
8         Here, plaintiff would suffer irreparable harm if faced with future claims to the
9    interpleaded funds. Plaintiff is a disinterested stakeholder with no interests in the funds and
10   relitigation would defeat the purpose of this interpleader action. An injunction is necessary to
11   prevent judicial wastefulness and the "possibility of inconsistent results." Peters, 660 F. Supp. 2d
12   at 1145. Defendant Harman should be enjoined from bringing any further action in state or
13   federal court regarding the Annuity or death benefit under the Annuity.

### IV. ORDER AND RECOMMENDATION

In accordance with the above, IT IS ORDERED that the hearing set for April 23, 2025, is VACATED.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for default judgment against defendant Bill Harman (ECF No. 25) be granted.
2. The court enjoin and restrain defendant Harman from instituting or prosecuting any action against plaintiff in any state or United States court related to the recovery of the death benefit payable under Annuity Contract No. V000151034 issued to the Perry Family Trust dated March 9, 1996.
3. The court find that defendant Harman has no right to all or any portion of the death benefit under Annuity Contract No. V000151034 and discharge plaintiff from any and all liability to defendant Harman under Annuity Contract No. V000151034.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

1 | days after being served with these findings and recommendations, any party may file written
2 | objections with the court and serve a copy on all parties. Such a document should be captioned
3 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
4 | shall be served on all parties and filed with the court within fourteen (14) days after service of the
5 | objections. Failure to file objections within the specified time may waive the right to appeal the
6 | District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951
7 | F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 9, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, syme3235.mdj